# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

EUGENE ROSCOE LESEANE
    Petitioner,

                      1: CV00-1688

v.

                      Case No.

UNITED STATES OF AMERICA, EX. REL.,
JONATHAN C. MINER, WARDEN, ALLENWOOD
FEDERAL PRISON CAMP, MONTGOMERY,
PENNSYLVANIA,
    Respondent.

FILED
WILLIAMSPORT, PA
SEP 21 2000
MARY E. D'ANDREA, CLERK
Per_____
        Deputy Clerk

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN FEDERAL CUSTODY

EUGENE ROSCOE LESEANE
#29958-037
P.O. BOX 1000
FPC ALLENWOOD
MONTGOMERY, PA 17752

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | i |
| ISSUES PRESENTED | | ii |
| A. | DRUG QUANTITY IS AN ELEMENT OF A VIOLATION UNDER 21 U.S.C. SECTION 841 (a) AND MUST BE CHARGED IN AN INDICTMENT. | 4 |
| B. | THE DISTRICT COURT ERRED IN APPLYING THE ENHANCED SENTENCE FOR COCAINE BASE, BECAUSE PETITIONER WAS NEVER CHARGED WITH, NOR DID HE PLEAD GUILTY TO CONSPIRACY TO DISTRIBUTE COCAINE BASE. | 11 |

EXHIBITS:

A - JUDGMENT AND COMMITMENT ORDER

B - INDICTMENT

C - PLEA AGREEMENT

## TABLE OF AUTHORITIES

Cases Cited                                                    Page No.


Almendarez-Torres v. United States
        523 U.S. 224 (1998).....................................7

Apprendi v. New Jersey
        530 U.S. _____ (2000)...............................8,10,13

Bledsue v. Johnson
        188 F. 3d 250 (5th Cir. 1999).........................7

Carless Jones v. United States
        194 F. 3d 1178 (10th Cir. 2000).......................9

Gains v. Kelly
        202 F. 3d 598 (3rd Cir. 2000).........................10

In re Winship
        397 U.S. 358 (1970) ..................................7

Jones v. United States
        119 S. Ct. 1215 (1999)................................5,6,8,9,10

Murr v. United States
        200 F. 3d 895 (6th Cir. 2000).........................11

McMillan v. Pennsylvania
        477 U.S. 79 (1986)....................................7

Patterson v. New York
        432 U.S. 197 (1977)...................................7

Teague v. Lane
        489 U.S. 288 (1989)...................................10

United States v. Henderson
        2000 U.S. Dist. LEXIS 10369 (July 19, 2000)
        (S.D. W.V.)...........................................9

United States v. Nunez
        180 F. 3d 250 (5th Cir. 1999) ........................8

West v. Vaughn
        204 F. 3d 53 (3rd Cir.)...............................10

Statutes

21 U.S.C. § 841 (a)(1) ...........................................4,5,6,8

21 U.S.C. § 841 (b)(1)(A)....................................12

21 U.S.C. § 841 (b)(1)(C)....................................9

21 U.S.C. § 841 (b)........................................12,14

Sentencing Guidelines

U.S.S.G. 2D1.1 (a)(3) ......................................11,14

U.S.S.G. 3E1.1 (a) and (b)..................................11

<u>ISSUES PRESENTED</u>

1.      WHETHER DRUG QUANTITY IS AN ELEMENT OF A VIOLATION
        UNDER SECTION 841 (a), AND MUST BE CHARGED IN AN
        INDICTMENT.

        Mr. Leseane answers:      "Yes"

        Apposite Case:    Jones v. United States
                          119 S. Ct. 1215 (1999)

                          Apprendi v. New Jersey,
                          530 U.S._____ 2000


2.      WHETHER THE DISTRICT COURT ERRED IN APPLYING THE
        ENHANCED SENTENCE FOR "CRACK COCAINE," BECAUSE MR.
        LESEANE WAS NEVER CHARGED WITH, NOR PLED GUILTY TO
        CONSPIRACY TO DISTRIBUTE "CRACK COCAINE."

        Mr. Leseane answers:      "Yes"

ii

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


EUGENE ROSCOE LESEANE                    )
    Petitioner,                          )
                            )
                            )
v.                                       )          Case No.
                            )
                            )
UNITED STATES OF AMERICA, EX. REL.,      )
JONATHAN C. MINER, WARDEN, ALLENWOOD     )
FEDERAL PRISON CAMP, MONTGOMERY,         )
PENNSYLVANIA,                            )
    Respondent.                          )


PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY

    Petitioner, EUGENE ROSCOE LESEANE, appearing pro se,
under the authority of 28 U.S.C. § 2241 and FRCP 81 (a)(2),
respectfully states as follows:

    1.    Petitioner is restrained of liberty at Allenwood
Federal Prison Camp, Montgomery, Pennsylvania.

    2.    Petitioner is unlawfully imprisoned, restrained
of liberty, and in the custody of respondent, Jonathan C.
Miner, Warden of the Allenwood Federal Prison Camp at
Montgomery, Pennsylvania, County of Lycoming, state of

Pennsylvania, in violation of the laws and Constitution of the United States.

3.    Respondent has custody of petitioner by virtue of the judgment and sentence of the United States District Court for the District of Maryland, <u>United States v. Eugene Roscoe Leseane</u>, MJG-94-0035, copies of the judgment and sentencing are attached hereto and made a part hereof and marked Exhibit "A".  Petitioner pled guilty to Count One of a One Count Indictment for Conspiracy to Distribute quantities of mixtures containing detectable amounts of cocaine, a Schedule II controlled substance and heroin, a Schedule I controlled substance in violation of Title 21, United States Code, Sections 841 (a)(1); 846.  Petitioner was sentenced on August 14, 1995 and judgment was entered on August 15, 1995.  A copy of the Indictment and Plea Agreement are attached hereto and made a part hereof and marked Exhibits "B" and "C" respectively.

4.    Petitioner did not file an appeal to the United States Court of Appeals for the Fourth Circuit.

5.    Petitioner did not collaterally attack his conviction and sentence by filing for remedies under 28 U.S.C. § 2255.  As such, petitioner has failed to adhere to the one year limitation period as provided for under 28 U.S.C. § 2255, as amended, April 24, 1996.  Petitioner contends that his application for a writ of habeas corpus, pursuant to 28 U.S.C.

2

§ 2241 is the proper avenue to raise his claim, because under the language of § 2255, petitioner is barred from presenting his claim for relief. Accordingly, § 2255 is inadequate or ineffective to test the legality of Mr. Leseanes' Petition.

6.    Petitioner is unlawfully imprisoned, and restrained of liberty and in the unlawful custody of Jonathan C. Miner, Warden, Allenwood Federal Prison Camp, Montgomery, Pennsylvania, in that the sentence imposed was illegal and in violation of the laws and Constitution of the United States. Petitioner pled guilty to Count One of a One Count Indictment, charging petitioner with conspiracy to distribute cocaine and heroin. Petitioner was sentenced to a mandatory Ten year term of imprisonment for Conspiracy to distribute crack cocaine; offense conduct, petitioner was not charged with, nor pled guilty. Petitioner's sentence, based on the charged conduct and that which he entered a plea of guilty carries a guidelines imprisonment range of 31-37 months and a 1-year term of supervised release. Petitioner has been imprisoned in excess of 5-years, under an illegal sentence.

7.    On or about January 1994, a District of Maryland Federal Grand Jury returned a One Count Indictment against Petitioner. A copy of the original indictment is attached hereto and made a part hereof and marked Exhibit "B". Count One allege conduct in violation of 21 U.S.C. § 841 (a)(1) and § 846 (Conspiracy to distribute cocaine and heroin) to have been conducted during late 1992 through 1993.

3

8.    On or about May 22, 1995, petitioner pursuant
to a plea agreement, pled guilty to Count One of the
Indictment.  A copy of the guilty plea agreement is attached
hereto and made a part hereof and marked Exhibit "C".  The
sentencing court judge accepted petitioner's plea and
entered a judgment of guilty on the plea.

9.    Under the current illegal judgment and sentencing,
which includes conviction for Count One, the sentencing range
carries a mandatory sentence of Ten years.  Petitioner avers
that his judgment and sentence for distribution of crack cocaine
is illegal, because the indictment alleged cocaine and heroin,
the charge to which petitioner pled guilty.  This offense
conduct carries a sentencing range of 31-37 months imprisonment.
Under the facts of this case, petitioner is being illegally
detained, as is evidenced by the above-referenced history.

BRIEF IN SUPPORT OF PETITION FOR HABEAS CORPUS

A.    DRUG QUANTITY IS AN ELEMENT OF A VIOLATION
      UNDER 21 U.S.C. SECTION 841 (a) AND MUST
      BE CHARGED IN AN INDICTMENT.

In the past, courts have held that 21 U.S.C. § 841 (a)
does not require any specific quantity of a controlled substance
to be alleged in the indictment, presented to a jury and proven
beyond a reasonable doubt to sustain a conviction.  See United
States v. Engleman, 916 F. 2d 182, 184 (4th Cir. 1990). Court's
concluded that the quantity of drugs were sentencing factors

to be determined by the court and the government's burden was by a preponderance of the evidence, id.  However, petitioner contends that recent Supreme Court holdings have placed limitations on the court's role in sentencing a defendant under 21 U.S.C. § 841 and established new requirements of proof for any factor that serves to enhance a sentence. Jones v. United States, 119 S. Ct. 1215 (1999).

In Jones, id., the Supreme Court held that under the federal carjacking statute, 18 U.S.C. § 2119, a determination that death or serious bodily injury resulted from the car jacking is an element of the offense that must be tried by a jury and proven beyond a reasonable doubt. Id., at 1228. The court held that it was reversible error for the sentencing court to decide on its own, using a preponderance of evidence standard, whether death or serious bodily injury resulted from the injury.  Id.  The Supreme Court found it questionable whether the specification of facts sufficient to increase a penalty range by two-thirds , let alone from 15 years to life, was meant to carry none of  the safeguards that element of an offense bring with them for a defendant's benefit.  Id. In so holding, the Supreme Court stated that "under the due process clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior convictions), that increases the penalty for a crime must be charged in an indictment, submitted to a jury and proven beyond a reasonable doubt."  Id., at 1224, n.6.

5

The Jones decision was the beginning of changes to the
Constitutional landscape regarding factors that enhance a
defendant's sentence and imposed a clear rule with respect
to any fact, such as the quantity of drugs attributable to
a defendant that increases the statutory maximum sentence.
Moreover, any fact that leads to an increased statutory
sentence must be alleged in the indictment and proven
beyond a reasonable doubt at trial.   Thus, Jones requires
that before a defendant can be convicted under § 841,
the quantity of drugs must be charged in the indictment,
submitted to a jury, and proven beyond a reasonable doubt.[1]

---

1.      Justices' Scalia and Stevens, in their concurring
opinions in Jones, state that any factor that increases
a statutory penalty must be established by proof beyond
a reasonable doubt.   Jones, 119 S. Ct. at 1229.   "I am
convinced that it is unconstitutional for a legislature
to remove from the jury the assessment of a fact that
increase the prescribed range of penalties to which a
criminal defendant is exposed.   It is equally clear that
such facts must be established by proof beyond a reasonable
doubt."   "Indeed, in my view, a proper understanding
of this principle encompasses facts that increase the
minimum as well as the maximum permissible sentence,
and also facts that must be established before a defendant
is put to death."   Id., at 1229 (Stevens, J., concurring).
"I set forth as my considered view, that it is unconstitutional
to remove from the jury the assessment of facts that

The due process clause of the Fourteenth Amendment requires the government to prove the essential elements of a crime beyond a reasonable doubt.  In re Winship, 397 U.S. 358, 364 (1970).  The government must allege all elements of the crime in the indictment.  Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998).  The distinction between elements of a crime and sentencing factors generally is left in the hands of the legislature. McMillan v. Pennsylvania, 477 U.S. 79, 85 (1986)("But there are obviously constitutional limits beyond which the states may go in this regard").  See also Patterson v. New York, 432 U.S. 197, 210 (1977)  Despite these obvious limitations, the Supreme Court had not fully described their breadth until its opinion in Jones.

In a case decided after Jones, the Fifth Circuit Court of Appeals discussed how the Jones holding would impact the interpretation of a Texas drug statute.  Bledsue v. Johnson, 188 F. 3d 250 (5th Cir. 1999).  The section at issue, 481.116 set out the crime in subsection (a) and in subsections (b)-(d) set forth the penalties for a violation of subsection (a).  Tex. Health and Safety Code 481.116.  The degree of punishment increases based on the amount of drugs possessed.  Id.  In Bledsue, 188

alter the congressionally prescribed range of penalties to which a criminal defendant is exposed."  Id. (Scalia, J., concurring).

F. 3d at 260.   In short, because the amount of drugs
possessed determines the severity of punishment, the
amount possessed is a jury question and an essential
element of the offense under Jones, id.   Although the
court's statement in Bledsue were dicta, it provides strong
support to petitioner's argument that the amount of drugs
are an element of the offense under § 841.

In   Apprendi v. New Jersey, 530 U.S._____,2000.
The United States Supreme Court clarified any misgivings
of its intentions expressed in Jones, by holding that
"in cases in which the government seeks increased penalties,
the amount of drugs involved in a violation of § 841
is an element of the offense that must be charged in
an indictment, submitted to a jury, and proven beyond
a reasonable doubt."

Accordingly, petitioner contends that the provisions
set forth under 21 U.S.C. § 841 (b), which provides for
an increased sentence based on the quantity of drugs
involved in the offense, are an element of the offense,
rather than merely sentencing factors to be determined
by the district court.   United States v. Nunez, 180 F.
3d 250 (5th Cir. 1999)(interpreting Jones broadly and
holding that the constitutional underpinning in Jones
requires that 18 U.S. C. 111 (a), which defines a substantive
offense and 111 (b) labeled enhanced penalties, be construed
as setting forth two separate federal offenses).   As
in Jones, the sentencing provisions of § 841 provides

not only for steeply higher penalties, but also condition them on further facts (quantity of drugs), which are as important as the facts set out in subsection (a). Section 841 should be read as creating separate offenses rather than one offense with separate punishments. Any other interpretation would raise those constitutional concerns set forth in Jones , supra. See United States v. Henderson, 2000 U.S. Dist. LEXIS 10369, July 19, 2000 (S.D. W.V.)("Casting aside the artificial formalism and looking at the real effect of a drug amount finding, 21 U.S.C. § 841 sets forth separate offenses, rather than one offense with different penalties...").

In Carless Jones v. United States, 194 F. 3d 1178 (10th Cir. 2000), the defendant was charged with violations of 21 U.S.C. § 841(a) with penalty specified under 21 U.S.C. § 841 (b)(1)(C) in the indictment. The defendant was convicted and sentenced to two concurrent sentences of 30 years each. The sentencing factor's were found by the district court on the basis of the court's preponderance of the evidence determination pursuant to the sentencing guidelines. On appeal, the defendant argued that based upon Jones v. United States, supra., his sentence of 30 years was unlawfully based upon facts which were not charged in the indictment. He also argued that the sentence was unlawfully increased by facts not proven beyond a reasonable doubt, and facts not properly presented to

to a jury.  The Tenth Circuit rejected these arguments

with a finding that <u>Jones</u> had no applicability beyond

18 U.S.C § 2119.  On petition for writ of certiorari,

the Supreme Court vacated and remanded the case for reconsideration

in light of <u>Apprendi</u>, supra.

In this Case, the government did not charge all

the elements of the offense (drug quantity) by way of

indictment.  The Probation Office, through its presentence

report made a specific finding that the amount of drugs

attributable to petitioner was 50 grams but less than

150 grams of <u>cocaine base</u>, a drug type not charged to

or pled to by petitioner.  Thus, subjecting petitioner

to an illegal mandatory Ten year term of imprisonment.

Accordingly, based upon the foregoing, petitioner

contends that based upon the United States Supreme Court's

holdings in <u>Apprendi</u>, his conviction cannot stand because

the government failed to charge all the essential elements

of the crime by way of indictment.[2]

---

2.    In <u>Apprendi,</u> four Supreme Court Justices stated that
the case constitutes "a watershed change in constitutional
law" (O'Connor, J., Breyer, J., Kennedy, J., and Rehnquist,
C.J., dissenting).  In <u>Teague v. Lane,</u> 489 U.S. 288,
109 S. Ct. 1060 (1989), the Supreme Court held that court
decisions setting forth new rules of criminal procedure
which constitute "watershed changes in constitutional
law" may be applied retroactively in habeas corpus proceedings.
Other new rules implicating the right to a jury verdict
have been determined to be retroactively applicable in
habeas corpus proceedings.  <u>West v. Vaughn,</u> 204 F. 3d
53 (3rd Cir.); <u>Gains v. Kelly,</u> 202 F. 3d 598 (2d Cir.)

10

B.    THE DISTRICT COURT ERRED IN APPLYING THE
ENHANCED SENTENCE FOR COCAINE BASE, BECAUSE
PETITIONER WAS NEVER CHARGED WITH, NOR DID
HE PLEAD GUILTY TO CONSPIRACY TO DISTRIBUTE
COCAINE BASE.

In the instant matter, the district court calculated

petitioner's sentence according to the sentencing guidelines,

based on the recommendations of the United States Probation

Office's presentence report, which figured the amount of

drugs ascribable to petitioner.  The report specifically

found petitioner responsible for "50 grams but less than

150 grams of cocaine base."  The base offense level pursuant

to the Drug Quantity  Table §2D1.1. (a)(3)(c) is 32.  a

two level increase pursuant to §3B1.1 was applied for petitioner's

alleged leadership role, with a three level reduction pursuant

to §§3E1.1 (a) and (b) for acceptance of responsibility

and pleading guilty in a timely manner.  The total offense

level was 31; Criminal History Category I, and corresponding

guidelines imprisonment range of 108-135 months.

---

To the extent that the Supreme Court's new procedural rule
necessitated an examination and redefinition of the "penalties"
of various statutes, as "elements" of  the crimes, the
Apprendi decision constitute a new rule of "substantive
law" which must be applied retroactively in collateral
attack regardless of whether the Supreme Court has declared
the decision retroactive.  See Murr v. United States, 200
F. 3d 895 (6th Cir. 2000) retroactively applying Richardson
v. United States, 526 U.S. 813, 119 S. Ct. 1707 (1999).

11

As required, the district court also looked to the
federal statute that describes drug sentencing, finding
an applicable mandatory minimum in 21 U.S.C. § 841(b)(1)(A)
(1994 & Supp. IV 1998), which because of the drug quantity
and the type of substance involved, requires at least
ten years imprisonment and five years supervised release.
The District Court therefore concluded that the applicable
sentencing range was 120 to 135 months.  See U.S.S.G.
§5G1.1.  The District Court ultimately sentenced petitioner
at the bottom of that range, the statutory minimum of
120 months.  Based on §841(b)(1)(A), the District Court
also sentenced petitioner to five years of supervised
release, also the statutory minimum.

The drug quantity and type of substance is crucial
to the statutory sentencing range.  The relevant statutes
have several applicable parts.  First, 21 U.S.C. §846
states that the penalty for conspiring to commit an offense
in "this subchapter," which refers to 21 U.S.C. §§801-
904 (1994 & Supp. IV 1998), shall be the same as the
penalty for the crime that was the object of the conspiracy.
Second, 21 U.S.C. §841 (a) defines the proscribed acts,
namely, distribution of a controlled substance.  Third,
21 U.S.C. §841 (b) defines the object of the conspiracy
and the penalties.  Section 841 (b) contains numerous
possible sentencing ranges, based on drug type, drug quantity,
a defendant's prior criminal record and other matters

12

In this case, based on a finding that petitioner was
responsible for more than 50 grams but less than 150 grams
of cocaine base, petitioner faced a statutory imprisonment
range of Ten years to life imprisonment and at least Five
years of supervised release. Here, petitioner pled guilty
to conspiracy to distribute cocaine and heroin, as charged
in the indictment and not conspiracy to distribute cocaine
base, as provided for in the presentence report, and to
which petitioner's sentence was based upon.

In Apprendi v. New Jersey, 530 U.S.____2000, the
United States Supreme Court held inter alia, that 1) the
amount of drugs involved in a violation of section 841
is an element of the offense that must be charged in an
indictment, submited to a jury, and proven beyond a reasonable
doubt, and 2) section 841 sets forth separate offenses,
rather than one offense with different penalties. Accordingly,
the due process clause of the Fifth Amendment and the notice
requirement of the Sixth Amendment require that drug amounts
be treated as an element of a section 841 offense, not
a sentencing factor.

In the instant matter, the indictment was silent as
to drug quantity, the Probation Office's presentence report
made a specific finding of 50 grams but less than 150 grams
of cocaine base ascribable to petitioner. The district
court adopted the quantity provided for by the presentence
report, albeit applying this quantity to a drug type not

charged in the indictment or pled to.  Accordingly, petitioner's sentence require correction and corresponding to offense conduct representing 50 grams but less than 150 grams of cocaine/heroin. (the quantity specifically found in the presentence report and adopted by the court).

The quantity of drugs does not trigger the mandatory minimum sentences provided for under § 841 (b).  Therefore, the sentencing guidelines must be consulted for a determination of petitioner's sentence.  The Drug Quantity Table at U.S.S.G. 2D1.1 provides for a drug quantity of at least 40 grams but less than 60 grams of heroin and at least 200 grams of cocaine, but less than 300 grams of coacaine, a base offense level of 20; a two level increase  for petitioner's alleged leadership role, pursuant to §3B1.1  and a three level reduction for acceptance of responsibility and timely entering a plea of guilty.  The total adjusted offense level is 19, Criminal History Category I, and a corresponding guidelines imprisonment range of 30-37 months.

Petitioner has been continuously incarcerated in excess of Five years, a term which exceeds the maximum allowed by law.

WHEREFORE, Petitioner EUGENE ROSCOE LESEANE requests this Court to issue a Writ of Habeas Corpus Ad Subjiciendum commanding respondent to produce the body of petitioner before this Court, at a time and place to be specified

by this Court, so that this Court may further inquire into the lawfulness of Respondent's custody of petitioner, to discharge petitioner from Respondent's custody, and to grant petitioner such other and further relief to which petitioner may be entitled in this proceeding.

DATED THIS 5th DAY OF SEPTEMBER, 2000

                                    Respectfully submitted,


                                    _Eugene Roscoe Leseane_
                                    Eugene Roscoe Leseane
                                    #29958-037
                                    P.O. Box 1000
                                    FPC Allenwood
                                    Montgomery, PA 17752

15

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

EUGENE ROSCOE LESEANE )
    Petitioner, )
)
)
)
)
v. )    VERIFICATION OF EXHIBITS
)
)
)
UNITED STATES OF AMERICA )
    Respondent. )

COMES NOW DEFENDANT-PETITIONER EUGENE ROSCOE LESEANE and deposes and states as follows:

1.    I am the Defendant-Petitioner in the above case and the instant proceedings pursuant to 28 U.S.C. § 2241.

2.    The attached documents are submitted as exhibits in support of my PETITION FOR WRIT OF HABEAS CORPUS, I have personal knowledge of the originals of the exhibits and state that the copies truly and accurately represent said originals.

3.    I have read the foregoing and state that it is true and correct.

Signed under penalty of perjury under 28 U.S.C. §1746 this 5th day of September, 2000.

_____
Eugene Roscoe Leseane

Exhibit "A"

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of Maryland

UNITED STATES OF AMERICA

v.

Case Number CR MJG-94-035

Philip S. Jackson, (AUSA)

EUGENE ROSCOE LESEANE
Deft. No. 1
    Defendant.

Microfilmed
Date
AUG 1 1995
AUG 1 7 1995

___FILED    ___ENTERED
___LODGED ___RECEIVED

AUG 1 6 1995

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                                CRIMINAL            DEPU
MW

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, EUGENE ROSCOE LESEANE, was represented by Jack Rubin (RET).

The defendant pleaded guilty to count(s) 1. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy to distribute and possess with intent to distribute a mixture containing Cocaine, a Schedule II CS and Heroin, a Schedule I CS. | | 1 |

As pronounced on August 14, 1995, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) 1, which shall be due within one week.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _16th_ day of _August_ , 19 _95_ .

MARVIN J. GARBIS
United States District Judge

Defendant's SSAN: 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

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 4

Defendant: EUGENE ROSCOE LESEANE
Case Number: CR MJG-94-035

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of One Hundred Twenty (120) months. This sentence is imposed based on the understanding that the Bureau of Prisons will give the defendant credit for the approximately four months served in state custody for an offense which is essentially the same as the federal offense.

The Court makes the following recommendations to the Bureau of Prisons: That the defendant be permitted to participate in the Intensive Confinement Program, if deemed eligible by the Bureau of Prisons standards. That the defendant serve his sentence as close to Baltimore as possible.

The defendant shall surrender to the United States marshal for this district .

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Defendant: EUGENE ROSCOE LESEANE
Case Number: CR MJG-94-035

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Five (5) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.      If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.      If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3.      The defendant shall not own or possess a firearm or destructive device.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)   The defendant shall support his or her dependents and meet other family responsibilities.
5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)   The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:00-cv-01688-YK-DB    Document 1    Filed 09/21/2000    Page 26 of 46

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 7 - Statement of Reasons

Defendant:  EUGENE ROSCOE LESEANE
Case Number:  CR MJG-94-035

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 31 |
| Criminal History Category: | I |
| Imprisonment Range: | 108 months to 135 months |
| Supervised Release Range: | 5 to 6 years |
| Fine Range: | $ 17,500 to $ 4,000,000 |
| Restitution: | $ Not applicable |

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): Required by mandatory minimum statute.

Exhibit "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

          v.                      :     CRIMINAL NO. DN-94-235
                                  :     (Conspiracy to Distribute
                                        Cocaine and Heroin, 21
EUGENE ROSCOE LESEANE             :     U.S.C. §846).
     a.k.a. "Baldy"               :
JAMES DARIO VIVAS
     a.k.a. "Brother Jay"         :
STEVEN ERIC HICKS                 :                  FILED ____ ENTERED
MAURICE DICKEY                    :                  LODGED ____ RECEIVED
DENISE FARMER
JAMES BROWN                       :              JAN 27 1994
     a.k.a. "J.B."
ANTHONY BOOKER                    :              AT BALTIMORE
     a.k.a. "Reds"                         CLERK U.S. DISTRICT COURT
CHRISTOPHER EUGENE MARSHALL       :          DISTRICT OF MARYLAND
                                        BY        CRIMINAL           DEPUTY
                 ...oOo...

### INDICTMENT

The Grand Jury for the District of Maryland charges:

From on or about November 1, 1992, and continuing thereafter up to on or about December 13, 1993, within the State and District of Maryland,

                    EUGENE ROSCOE LESEANE
                         a.k.a "Baldy",
                     JAMES DARIO VIVAS
                    a.k.a. "Brother Jay",
                     STEVEN ERIC HICKS,
                      MAURICE DICKEY,
                      DENISE FARMER,
                        JAMES BROWN
                        a.k.a. "J.B.",
                      ANTHONY BOOKER
                    a.k.a. "Reds", and
                CHRISTOPHER EUGENE MARSHALL

the defendants herein, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with one another, with Robert Lee Wilson and with others known and unknown to the Grand Jury, to knowingly, intentionally and unlawfully distribute and possess with intent to distribute quantities of mixtures or

substances containing detectable amounts of cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. §846

Lynne A. Battaglia
United States Attorney

A TRUE BILL:

Martha W. Riddle                    1/27/94
FOREPERSON                          DATE

2

Exhibit "C"



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

| | | |
|---|---|---|
| *Lynne A. Battaglia*<br>*United States Attorney*<br><br>*Philip S. Jackson*<br>*Assistant United States Attorney* | *604 United States Courthouse*<br>*101 West Lombard Street*<br>*Baltimore, MD 21201-2692* | *410-962-4822*<br><br>*410-962-2458 Ext. 358*<br>*FAX 410-962-3091* |

May 17, 1995

Jack Rubin, Esq.
1300 Court Square Building
200 E. Lexington Street
Baltimore, MD 21202

Re: United States v. Leseane
MJG 94-0035

Dear Mr. Rubin,

This letter confirms the plea agreement which has been offered to your client by the United States Attorney's Office ("this Office"). If you and your client accept this offer, please execute it in the spaces provided below. The terms of the agreement are as follows:

1. Eugene Leseane, your client, agrees to plead guilty to Count One of the Indictment now pending against him. Your client is charged in Count One with conspiracy to distribute controlled substances in violation of 21 U.S.C. Section 846. Your client admits that he is, in fact, guilty of that offense and will so advise the Court.

2. The minimum sentence provided by statute for the instant offense is ten (10) years incarceration. The maximum sentence provided by statute for the offense to which your client is pleading guilty is a term of life imprisonment, followed by a term of supervised release of at least three (3) years but no more that six (6) years and a fine of $2,000,000.00. In addition, your client must pay $50.00 as a special assessment under 18 U.S.C. Section 3013, which will be due and should be paid at or before time of his sentencing. If a fine is imposed, it shall be made payable immediately.

3. Your client understands that a sentencing guideline range for this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. Section 3551-3742 and 28 U.S.C. Sections 991 through 998. Your client further understands that the Court will impose a sentence within that guideline range unless the Court finds there is a basis for departure because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the

guidelines which should result in a sentence different from the guideline range.

4. (a) This Office and your client understand, agree and stipulate to the following statement of facts and applicable sentencing guideline factors:

## STIPULATION

(b) During the course of late 1992 through 1993, the Baltimore County Police Department and the Baltimore City Police Departments in league with the Federal Bureau of Investigation conducted an investigation into the drug trafficking activities of Robert Lee Wilson and Eugene Roscoe Leseane in and around the Baltimore, Maryland metropolitan area. Pursuant to that investigation, orders for the interception of wire communications relating to those drug trafficking activities were sought and obtained from judges of the Circuit Courts for Baltimore City and Baltimore County, Maryland.

(c) Pursuant to those lawfully obtained orders, specific communications of the defendant, Eugene Roscoe, were intercepted. Those communications revealed that the defendant was criminally involved with Robert Wilson, James D. Vivas and the other named defendants in this case in the distribution of controlled substances, to wit: heroin and cocaine. In December of 1993, at the termination of the wiretaps that had focused on Eugene Leseane, search and seizure warrants were sought and obtained for various locations associated with that narcotics conspiracy. Among the locations searched was 533 N. Fulton Street in Baltimore City; an address which was at the time a residence of Eugene Leseane, and which had been used by Leseane, Hicks and others to facilitate the distribution of illegal narcotics. At that location, police officers found and recovered amounts of cocaine base (a.k.a. crack cocaine), cocaine, over $7,000.00 U.S. currency, and various drug paraphernalia used in the distribution of illegal narcotics. Also searched pursuant to a judicially issued search and seizure warrant was 1407 W. Mosher Street. At that location, police officers found co-defendant Maurice Dickey and recovered from that location portable police scanners used to monitor police activity by those involved in the conspiracy, an amount of mannite, a substance used by distributors of controlled substances as a diluent, and over 100 grams of heroin, a Schedule I controlled substance. All of the property outlined above recovered in these two searches was attributable to the narcotics conspiracy headed by Eugene Leseane, and of which Maurice Dickey was a member. Your client, Eugene Leseane, agrees that all of the above stated facts are true.

(d) It is agreed by this Office and the defendant, Eugene Leseane, that for sentencing purposes, the Base Offense Level for this offense, as defined in the United States Sentencing Commission Guidelines Manual, is Level 32.

(e)   It is also agreed by this Office and the defendant, Eugene Leseane, that by way of his plea of guilty pursuant to this agreement, the defendant will benefit from a downward adjustment of three (3) levels pursuant to §3E1.1 (Acceptance of Responsibility) of the United States Sentencing Commission Guidelines Manual.

(f)   It is also agreed by this Office and your client, Eugene Leseane, that because of his role in the conspiracy, i.e. that your client was an organizer, leader, manager and/or supervisor in the charged conspiracy, a two (2) level increase in the Base Offense Level shall be accorded to your client, pursuant to the Aggravating Role section of §3B1.1(c) of the Sentencing Guideline Manual.

(g)   This Office and your client, Eugene Leseane, agree that other than the aforementioned adjustment for acceptance of responsibility and the two level increase for his role in the offense, there are no other adjustments or departures (as defined and explained in the United States Sentencing Commission Guidelines Manual) pertinent to the sentencing of your client.

(h)   Your client understands that neither the U.S. Probation Office nor the Court is bound by the stipulation, and that the Court will, with the aid of the presentence report, determine the facts relevant to sentencing. Your client understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. Your client understands that if the Court ascertains factors different from those contained in the stipulation, your client cannot, for that reason alone, withdraw his guilty plea.

5.   There is no agreement between the parties as to the Criminal History Category (Criminal History Points) that will be used in sentencing your client. However, it is the best estimate of the parties, based on their own investigation of your client's background, that your client's appropriate Criminal History Category is Category I. Should investigation by the probation department reveal that your client has a Criminal History Category other than Category I, such a determination will have no effect upon the validity of this agreement. The sentencing court will determine the appropriate Criminal History Category that will be used at the sentencing of your client. Consequently, it is understood by your client that this agreement does not set the sentencing guideline range.

6.   (a)   It is understood by all parties that because of the volume of controlled substances attributable to your client by virtue of this agreement, that notwithstanding whatever adjustment is accorded to your client for acceptance of responsibility, the

minimum sentence provisions of 21 U.S.C. §841 will require the imposition of at the least a 120 month sentence. At the time of your client's sentencing, this Office will recommend an imposition of sentence of 120 months.

(b)  This Office reserves the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning your client's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

7.  Your client and the United States knowingly and expressly waive all rights conferred by 18 U.S.C. Section 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward or downward departure from the guideline range that is established at sentencing. Nothing in this agreement shall be construed to prevent either your client or the United States from invoking the provisions of Federal Rule of Criminal Procedure 35, and appealing from any decision thereunder, should a sentence be imposed that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory minimum mandatory provision.

8.  Your client expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, the Court is under no obligation to accept this Office's recommendations and the Court has the power to impose a sentence up to and including the statutory maximum stated above. If the Court should impose any sentence up to the maximum established by statute, your client cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. Your client understands that neither the prosecutor, you, nor the Court can make a binding prediction of, or promise him, the guideline range or sentence that ultimately will apply to his case. Your client agrees that no one has made such a binding prediction or promise.

9.  This letter states the complete plea agreement in this case and pertains solely to federal criminal charges in the District of Maryland. There are not other agreements, promises, undertakings or understandings between your client and this Office.

Very Truly Yours,

Lynne A. Battaglia
United States Attorney

By: _____
Philip S. Jackson
Assistant United States Attorney



I have read this agreement, and have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

5/22/95
Date

Eugene Leseane

I am Eugene Leseane's attorney. I have carefully reviewed every part of this agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

5/22/95
Date

Jack Rubin, Esq.

⑤

Exhibit "D"

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                         ) | Docket No.: MJG-94-0035 |
| ) | Defendant No.: 001 |
| Eugene Roscoe Leseane     ) | |

**PRESENTENCE REPORT**

Prepared For:   The Honorable Marvin J. Garbis   Sentencing Date:
                U.S. District Judge                8/14/95

Prepared By:    Catherine J. Kirby
                U.S. Probation Officer
                (410) 962-4684                    Office Location: Baltimore
                                                                   (0416-1)

Offense:   Conspiracy to Distribute Cocaine and Heroin in violation of 21
           U.S.C.§ 846.  A Class "A" Felony.

Date of Arrest: 12/10/93

Custodial Status:  Released on 3/30/94 to CTC on $50,000 secured bond.  On
                   5/20/94 placed on electronic monitoring. On 10/25/94
                   released from electronic monitoring.

Identifying Data:

Date of Birth: 1/24/60      Age: 35              Citizenship: U.S.

Race: Black (Non-Hispanic)  Sex: Male           Dependents: 4

FBI No.: 13458VA3           SSN: 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    Other ID No.: SID #241876

Education: H.S. Graduate    U.S. Marshal No.: 29958-037

Legal Address:  5604 Jonquil Avenue, Baltimore, MD  21215

Detainers:  None

Codefendants:  Maurice Dickey, James Vivas, Steven Hicks

Assistant U.S. Attorney              Defense Counsel

Philip S. Jackson, Esq.              Jack Rubin, Esq.
U.S. Courthouse, 8th Floor           1300 Court Square Building
101 W. Lombard Street                200 E. Lexington Street
Baltimore, MD  21201                 Baltimore, MD  21202

Date Report Prepared: June 23, 1995
Revised:

                                     Mandatory Minimum  __X__

Disposition:

## PART A.   THE OFFENSE

### Charge(s) and Conviction(s)

1.   On May 22, 1995, Eugene Roscoe Leseane, the defendant, pled guilty to Count One of the Indictment pending against him in which he was charged with Conspiracy to Distribute Cocaine and Heroin in violation of 21 U.S.C. § 846. At that time, the Honorable Marvin J. Garbis accepted his guilty plea and a presentence report was ordered.   A sentencing date of August 14, 1995 was established for the defendant.

2.   Since the offense took place after November 1, 1987, the Sentencing Reform Act of 1984 is applicable, and unless otherwise stated, the amended guideline manual under date of November 1, 1994, was used to complete this report.

### Related Cases

3.   On May 17, 1995, James Dario Vivas pled guilty to Count One of the Indictment pending against him in which he was charged with Conspiracy to Distribute Cocaine and Heroin in violation of 21 U.S.C. § 846.   At that time, the Honorable J. Frederick Motz accepted his guilty plea and a presentence report was ordered.   A sentencing date of August 11, 1995 before the Honorable Marvin J. Garbis was established for the defendant.

4.   On April 6, 1995, Steven Eric Hicks pled guilty to Count One of the Indictment pending against him in which he was charged with Conspiracy to Distribute Cocaine and Heroin in violation of 21 U.S.C. § 846.   At that time, the Honorable Marvin J. Garbis accepted his guilty plea and a presentence report was ordered.   On June 20, 1995 the defendant was sentenced to seventy (70) months.

5.   On May 12, 1995, Maurice Norman Dickey pled guilty to Count One of the Indictment pending against him in which he was charged with Conspiracy to Distribute Cocaine and Heroin in violation of 21 U.S.C. § 846.   At that time, the Honorable Marvin J. Garbis accepted this guilty plea and a presentence report was ordered.   A sentencing date of July 26, 1995 was established for the defendant.

### The Offense Conduct

6.   During the course of late 1992 through 1993, the Baltimore County Police Department and the Baltimore City Police Departments in league with the Federal Bureau of Investigation conducted an investigation into the drug trafficking activities of Robert Lee Wilson and Eugene Roscoe Leseane in and around the Baltimore, Maryland metropolitan area. Pursuant to that investigation, order for the interception of

2

wire communications relating to those drug trafficking activities were sought and obtained from judges of the Circuit Courts for Baltimore City and Baltimore County, Maryland.

7.  Pursuant to those lawfully obtained orders, specific communications of the defendant, Eugene Leseane, were intercepted. Those communications revealed that the defendant was criminally involved with Robert Wilson, James D. Vivas and the other named defendants in this case in the distribution of controlled substances, to with: heroin and cocaine. In December of 1993, at the termination of the wiretaps that had focused on Eugene Leseane, search and seizure warrants were sought and obtained for various locations associated with that narcotics conspiracy. Among the locations searched was 533 N. Fulton Street in Baltimore city; an address which was at the time a residence of Eugene Leseane, and which had been used by Leseane, Hicks and others to facilitate the distribution of illegal narcotics. At that location, police officers found and recovered amounts of cocaine base (a.k.a. crack cocaine), cocaine, over $7,000.00 U.S. currency, and various drug paraphernalia used in the distribution of illegal narcotics. Also searched pursuant to a judicially issued search and seizure warrant was 1407 W. Mosher Street. At that location, police officers found co-defendant Maurice Dickey and recovered from that location portable police scanners used to monitor police activity by those involved in the conspiracy, an amount of mannite, a substance used by distributors of controlled substances as a diluent, and over 100 grams of heroin, a Schedule I controlled substance. All of the property outlined above recovered in these two searches was attributable to the narcotics conspiracy headed by Eugene Leseane, and of which Maurice Dickey was a member.

## Adjustment for Obstruction of Justice

8.  This writer has no information suggesting that the defendant impeded or obstructed justice.

## Adjustment for Acceptance of Responsibility

9.  The defendant pled guilty to this offense in time for the government to avoid trial preparations. The defendant has not yet provided his written statement regarding his involvement in the offense.

## Offense Level Computation

10. Base Offense Level: § 2D1.1 addresses Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy.

3

The base offense level for this offense which involved at least <u>50 grams but less than 150 grams</u> of cocaine base is 32 pursuant to the Drug Quantity Table § 2D1.1(a)(3)(c).          <u>32</u>

11. Specific Offense Characteristics:  None.          <u>0</u>

12. Adjustment for Role in the Offense:  § 3B1.1 provides for a two level increase if the <u>defendant was an organizer, leader, manager, or supervisor in any criminal activity.</u>          <u>2</u>

13. Victim Related Adjustment:  None.          <u>0</u>

14. Adjustment for Obstruction of Justice:  None.          <u>0</u>

15. Adjusted Offense Level (Subtotal):          <u>34</u>

16. Adjustment for Acceptance of Responsibility:  Based on §§ 3E1.1(a) and (b), a 3 level decrease in the offense level is granted since the defendant has pled guilty to this offense in a timely manner.          <u>-3</u>

17. Total Offense Level          <u>31</u>

**PART B.  THE DEFENDANT'S CRIMINAL HISTORY**

<u>Juvenile Adjudications</u>

18. None known.

<u>Criminal Convictions</u>

19. Maryland Rule 719 or Rule 4-213 entitles all defendants to notice of the right to be represented by counsel and to have counsel appointed if indigent for all felony charges since September 1, 1967, and for all lesser offenses since July 1, 1977.

| DATE OF ARREST | CHARGE/DISPOSITION/DATE/GUIDELINE | SCORE |
|---|---|---|
| 20. 10/27/83 (age 23) | Baltimore, Maryland.  Handgun Violation.  On 4/3/84 placed on two years probation in the Circuit Court for Baltimore City by Judge Noel. §4A1.1(c) | <u>1</u> |

<u>Criminal History Computation</u>

21. The above conviction results in a criminal history score of one point.  According to the sentencing table (Chapter 5, Part A), 0 or 1 criminal history point establishes a criminal history category of I.

4

### Other Criminal Conduct

22.  None known.

**PART C.  SENTENCING OPTIONS**

### Custody

23.  Statutory Provisions:  Count one has a mandatory minimum sentences of imprisonment of ten years to a maximum of life. 21 U.S.C. § 841(b)(1)(A)

24.  Guideline Provisions:  A offense level of 31 and a Criminal History Category I establishes a guideline imprisonment range of 108 to 135 months.  However, since there is a ten year mandatory minimum for this offense, the guideline range would be 120 to 135 months.

### Supervised Release

25.  Statutory Provisions:  The court must impose a term of supervised release of at least 5 years for counts one. 21 U.S.C. § 841(b)(1)(A).

26.  Guideline Provisions: Pursuant to § 5D1.2(a), the court shall impose the minimum term of supervised release required by statute which is 5 years.

### Probation

27.  Statutory Provisions:  The defendant is convicted of an offense for which probation has been expressly precluded. 18 U.S.C. § 3561(a)(2).

28.  Guideline Provisions:  Probation is not authorized by the guidelines. § 5B1.1(b)(2).

**PART D.  OFFENDER CHARACTERISTICS**

### Family Ties, Family Responsibilities, and Community Ties

29.  Eugene Roscoe Leseane was born on January 24, 1960, to the union of Alice (nee: Owens) Washington and Roscoe Leseane. According to the defendant, he was raised by his maternal grandparents, Marion and James Owens in West Baltimore.  His mother married James Brown and had five other children with Mr. Brown.  Although the defendant lived with his grandparents at 2134 Penrose Ave., Baltimore, MD., 21223,  he remained close to his family, including both parents and siblings.  He reported a happy childhood.  This writer spoke to the defendant's mother who verified the defendant's background information.  Mrs. Washington stated that she was sixteen

5

years old when the defendant was born so her parents helped raised her son. She thought that the defendant was a wonderful person and very good father and she did not know how he became involved in the instant offense. Mrs. Washington reported that she always maintained a close relationship with the defendant and that the defendant also got along well with her former husband, Warren Tomlin (deceased) and her current husband Eugene Washington.

30. For the past four years, the defendant has resided with Tamrula Davis at 5604 Jonquil Ave., in Baltimore City. He has never married but he has four children. Percy Leseane, age 17 and James Leseane, age 15, reside with their mother, Pamela Anderson at 707 W. Lanvale in Baltimore City. Jamal Leseane, age 10 and Kwayera Leseane, age 7, reside with their mother, Denise Farmer, at 2610 Molton Way, Baltimore, MD., 21207. The defendant reported close relationships with his children and stated that he has been both emotionally and financially supportive of his children. This writer spoke to Ms. Farmer who verified that the defendant has been a good father to their two children. She stated that he will help her out financially when he can and that he is a good person. Ms. Farmer stated that she did not believe that the defendant had a substance abuse problem and she did not know how he became involved in the instant offense.

### Mental and Emotional Health

31. The defendant reported no emotional or mental health problems.

### Physical Condition, Including Drug Dependence and Alcohol Abuse

32. The defendant stands 5'11" tall and weighs 185 pounds. He reported no serious health problems and he denied any past or present substance abuse.

### Education and Vocational Skills

33. According to records received from Southwestern High School located at 200 Font Hill Ave., Baltimore, Maryland, 21223, the defendant graduated on June 8, 1977. His final grade point average was 77.18. His class rank was 110th in a class of 417.

34. The defendant stated that he attended the Academy of Hair Design for eight months in 1987 and he is a licensed barber. At the present time, he has his own shop called Sandtown Properties located in Randallstown where he cuts hair on the weekends.

6

### Employment Record

35.   At present, the defendant stated that he is employed by Gemini
      Inc., working at Health Care Finance Administration as a
      shipping and receiving clerk earning $7.44 per hour. He has
      worked at this job since 1992, however, in 1994, while at the
      VOA he was not working. The defendant is also employed on the
      weekends at his barber shop. He stated that he earns $300 per
      week at this job.

36.   Social Security records indicated that from 1988 to 1991, the
      defendant was working as a barber at Willes Inc.,1050 W.
      Baltimore St., Baltimore, Maryland, 21223. The defendant
      stated that he worked there as a barber.

37.   In 1987, the defendant was attending barber school.

38.   Social Security records indicated that in 1986 and part of
      1987, the defendant was employed at Sealy of Maryland and
      Virginia Inc. The defendant stated that he was doing factory
      work earning $10.50 per hour at this job.

39.   In 1986, the defendant was also employed at Baltimore Clay
      Product Co., Inc., located in Linthicum Heights, MD. The
      defendant stated that he was painting steel beams at this job.

40.   In 1985, Social Security records indicated that the defendant
      was employed at USG Interiors Inc. The defendant believed
      that this was his job with Donn Corporation where he worked as
      a machine runner earning $8.50 per hour.

41.   In 1983 and 1984 Social Security records indicated that the
      defendant was employed at Esskay Inc. The defendant stated
      that he was employed as a mail clerk at this job.

42.   From August 25, 1982 to November 23, 1982, the defendant was
      employed at Chesapeake Paperboard. Their records indicated
      that the defendant was earning $5.15 per hour as a skid maker
      helper.

43.   From June, 1978 to June, 1982, the defendant was enlisted in
      the U.S. Marine Corps. According to the defendant, his
      highest rank held was a E-4 and he received an honorable
      discharge.

## PART E. FINES AND RESTITUTION

### Statutory Provisions

44.   The maximum fine for this offense is $4,000,000.00. 21 U.S.C.
      § 841 (b)(1)(A).

45. A special assessment of $50.00 is mandatory. 18 U.S.C. § 3013.

## Guideline Provisions

46. The guideline range for this offense is from $15,000.00 to $4,000,000.00  §§ 5E1.2(c)(1) and 5E1.2(c)(4).

47. Subject to the defendant's ability to pay, the court shall impose an additional fine amount that is at least sufficient to pay the cost to the government of any imprisonment, probation or supervised release according to U.S.S.G. § 5E1.2(i). The most recent advisory from the Administrative Office of the United States Courts, dated March 10, 1995 reflects the average per capita costs for incarceration of a defendant in Bureau operated facilities during 1994 and per capita supervision costs for fiscal year 1994.

### Cost of Incarceration

| Federal Prison Facilities | | Community Corrections Centers | |
|---|---|---|---|
| Daily: | $    58.50 | Daily: | $    38.90 |
| Monthly: | $  1,779.33 | Monthly: | $  1,183.08 |
| Annually: | $ 21,352.00 | Annually: | $ 14,197.00 |

### Cost of Supervision

#### Probation and Supervised Release

| Daily: | $    6.51 |
|---|---|
| Monthly: | $  195.30 |
| Annually: | $ 2,343.60 |

## Defendant's Ability to Pay

48. The following information is obtained from a financial statement received from the defendant.

### Net Worth

#### Assets

Bank Accounts:  $4044.00

Real Estate:
| 533 N. Fulton Ave. | $30,000.00 |
|---|---|
| 2819 Arlene Circle | $73,000.00 |
| 917 N. Gilmore Ave. | $45,000.00 |

Motor Vehicles:
| 1990 Cherokee | $16,000.00 |
|---|---|

Total Assets:  168,044.00

8

Debts:

    Credit Cards:  $2911.00
    SECU Loan:    $3000.00

Net Worth:      $162,133.00

**Monthly Cash Flow:**

Income:

    Defendant's salary:  $1192.00
    Business Profit:     300.00
    Rental Income:     1317.00
    Total:         $2809.00

Necessary Living Expenses:

    Rent:          $306.00
    Electric:        50.00
    Heating:         50.00
    Telephone:       25.00
    Groceries:      150.00
    Car Insurance:    189.00
    Transportation:   100.00
    Car Payment:     318.00
    Timeshare:      168.00
    Child Support     200.00
    SECU Loan:      155.00
    Total:       $1711.00

Net Monthly Cash Flow:   $1098.00

49.  If the defendant sold his properties, he would have some ability to pay a fine .

**PART F.  FACTORS THAT MAY WARRANT DEPARTURE**

50.  None.

## CERTIFICATE OF SERVICE

I, EUGENE ROSCOE LESEANE, do hereby certify that on the ___5th___ day of September, 2000, a true and correct copy of the above and foregoing PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY was mailed with proper postage fully prepaid to:

United States Attorney
Middle District of Pennsylvania
240 West 3rd Street
P.O. Box 548
Williamsport, PA 17703-0548

_____
Eugene Roscoe Leseane