**ORIGINAL**

FILED
HARRISBURG
MAR 1 9 2001
MARY E. D'ANDREA, CLERK
Per
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE ROSCOE LESEANE, : | |
| Petitioner : | No. 1:CV-00-1688 |
| : | |
| v. : | (Judge Kane) |
| : | |
| UNITED STATES OF AMERICA ex rel. : | |
| JONATHON C. MINER, Warden, : | |
| Allenwood Federal Prison Camp, : | |
| Montgomery, Pennsylvania, : | |
| Respondent : | |

GOVERNMENT'S RESPONSE TO
**THE PETITION FOR WRIT OF HABEAS CORPUS**

This is habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Eugene Roscoe Leseane, who presently is confined at the Federal Prison Camp in Montgomery, Pennsylvania (known as "FPC Allenwood"). Leseane is challenging his 1995 conviction in the United States District Court for the District of Maryland for conspiracy to distribute and possess with intent to distribute quantities of mixtures or substances containing cocaine and heroine in violation of 21 U.S.C. §§841(a)(1), 846.

In this habeas petition, Leseane relies upon <u>Apprendi v. New Jersey</u>, ___ U.S. ___, 120 S.Ct. 2348 (2000), to challenge his 1995 conviction. Leseane alleges that his conviction should be overturned because the government did not charge the drug quantity in the indictment and, further, that his sentence was improperly enhanced for distributing crack cocaine.

Although the government maintains that Leseane cannot raise an <u>Apprendi</u> claim under 28 U.S.C. §2241, the Court need not address that question in that <u>Apprendi</u> does not apply to Leseane. Additionally, Leseane cannot raise his sentencing guideline claim via a §2241 habeas petition.

### Statement of the Case

On January 27, 1994, Leseane and his co-defendants were indicted by a Grand Jury in the United States District Court for the District of Maryland at No. MJG-94-0035 for conspiracy to distribute and possess with intent to distribute quantities of mixtures or substances containing cocaine and heroine in violation of 21 U.S.C. §§841(a)(1), 846. <u>See</u> Indictment, attached to Habeas Petition.

Leseane plead guilty on May 22, 1995. On August 14, 1995, the court sentenced Leseane to 120 months in prison. Leseane never challenged any aspect of the indictment or his sentence either by direct appeal or a 28 U.S.C. §2255 motion. Habeas Petition, ¶¶4-5.

On September 21, 2000, Leseane filed his present habeas petition under 28 U.S.C. §2241. Relying upon <u>Apprendi</u>, 120 S.Ct. 2348, Leseane alleges that his conviction should be overturned because the government did not charge the drug quantity in the indictment and, further, that his sentence was improperly enhanced for distributing crack cocaine.

2

### Question Presented

Should the habeas petition be denied in that <u>Apprendi</u> is not applicable to Leseane and, further, because Leseane cannot challenge his conviction or sentence by a §2241 habeas petition?

### Argument

**THE HABEAS PETITION SHOULD BE DENIED IN THAT <u>APPRENDI</u> IS NOT APPLICABLE TO LESEANE AND, FURTHER, BECAUSE LESEANE CANNOT CHALLENGE HIS CONVICTION OR SENTENCE BY A §2241 HABEAS PETITION.**

Although Leseane cannot bring a §2241 habeas petition to challenge his conviction and sentence, <u>see</u> text <u>infra</u> at 5-12, the Court need not reach that issue because <u>Apprendi</u> is not applicable to Leseane.

**A.     <u>Apprendi Does Not Apply to Leseane</u>.**

In <u>Apprendi</u>, 120 S.Ct. 2348, the Supreme Court held that any fact that increases the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. <u>Id</u>. at 2362-63. Contrary to Leseane's assertion, the Supreme Court did <u>not</u> hold that the quantity of drugs is an element of a crime under 21 U.S.C. §841(a). Rather, <u>Apprendi</u> is limited to a sentencing factor that increases a sentence beyond the maximum set forth in the underlying criminal statute.

Indeed, the Third Circuit recently held that there is no <u>Apprendi</u> issue where a defendant's sentence on any count as calculated under the guidelines is equal to or less than the lowest

3

maximum sentence authorized by the relevant statute. Thus, the circuit held that <u>Apprendi</u> applies only to the determination of facts which *increase a statutory maximum sentence*; it has no application to the ordinary calculation of the sentencing guidelines. <u>United States v. Williams</u>, 235 F.3d 858, 862-64 (3rd Cir. 2000); <u>see also</u> <u>United States v. Cepero</u>, 224 F.3d 256, 267 n.5 (3rd Cir. 2000)(en banc)("Because application of the Sentencing Guidelines in this case does not implicate a fact that would increase the penalty of a crime beyond the statutory maximum, the teachings of <u>Apprendi v. New Jersey</u>, ___ U.S. ___, [120 S.Ct. 2348 (2000)], are not relevant here.").

Thus, so long as the sentence calculated under the guidelines is accommodated by the lowest statutory maximum, and no factual finding is required to enhance the statutory maximum, there is no <u>Apprendi</u> issue.

Here, the drug statute, 21 U.S.C. §841, applies a maximum sentence of 20 years in any case involving cocaine, cocaine base, heroin, methamphetamine, or any other schedule I or II controlled substance. <u>See</u> §841(b)(1)(C). That maximum may be increased based on certain quantities of such drugs. If a defendant receives a sentence of 20 years or less on such a §841 count, there is no issue under <u>Apprendi</u> as there is no need for any factual finding

4

regarding an enhanced statutory maximum in order to permit the guidelines sentence. See Williams, 235 F.3d at 862-64.[1]

Here, Leseane received a sentence of 120 months for his conspiracy to distribute and possess cocaine and heroine conviction. This sentence is well below the statutory maximum of 240 months. Under Williams and Cepero, therefore, Leseane has no Apprendi claims and Leseane' §2241 habeas petition should be denied.

B.  **Leseane' Cannot Challenge His Conviction or Sentence Via a §2241 Petition**.

Even if Apprendi arguably applied in Leseane's case, the government submits that Leseane could not raise his Apprendi and sentencing guideline claims in a §2241 habeas petition. This is so because Congress has mandated that persons like Leseane, i.e., persons convicted in federal court who challenge their convictions

---

[1] In Williams, the Third Circuit held that because Williams' final sentence, 85 months, was within the lower statutory maximum to which the defendant had agreed (20 years), the district court was entitled to make the quantity determination as required by the guidelines and to do so by a preponderance standard. The Court held it was irrelevant that the drug calculation increased the statutory maximum in cases where the final sentence did not exceed the lower maximum. "[T]hough the District Court's finding regarding the amount of drugs substantially increased the possible statutory maximum sentence under 21 U.S.C. § 841(b)(1), we hold that Apprendi is not applicable to Williams' sentence, because the sentence actually imposed (seven years and one month) was well under the original statutory maximum of 20 years." Williams, 235 F.3d at 863. See also United States v. Mack, 229 F.3d 226, 235 n.12 (3rd Cir. 2000)(Apprendi does not apply to sentencing enhancements under the guidelines where the statute authorized a maximum term of life imprisonment, which could accommodate any guideline sentence).

5

and sentences, are required to do so by filing a motion under 28 U.S.C. §2255 before the sentencing court. Application of Galante, 437 F.2d 1164, 1165 (3rd Cir. 1971); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). As such, Leseane cannot seek relief under 28 U.S.C. §2241 and this habeas petition should be denied.

1. **The Statutory Framework For Federal Post-Conviction Relief**.

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are *required* to bring their collateral attacks challenging the *validity* of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, **not** under 28 U.S.C. §2241. Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Vial, 115 F.3d at 1194; Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

Thus, §2255 provides a remedy which is equivalent to that historically available under the habeas writ. "[I]t conclusively appears from the historic context in which §2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." Hill v. United States, 368 U.S. 424, 427 (1962).

6

The reason for this rule is due to the venue provisions governing §2241 petitions. Previously, prisoners had challenged their federal convictions by filing a petition for writ of habeas corpus under 28 U.S.C. §2241. This proved unmanageable, however, in that §2241 habeas petitions are filed in the district where the prisoners are confined. As a result, the few districts that had major federal penal institutions were required to handle an inordinate number of habeas actions far from the homes of the witnesses and the records of the sentencing court. Accordingly, in 1948, Congress enacted §2255 to require collateral review of convictions and sentences of federal prisoners in the district of the criminal trial court. Dorsainvil, 119 F.3d at 249.

Section 2255 motions now are the **exclusive** means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 683 (3rd Cir. 1954). The only exception, i.e. when a federal prisoner nevertheless can seek habeas relief under §2241, is when §2255 proves "inadequate or ineffective" to test the legality of detention, which exception we address below. 28 U.S.C. §2255; Davis, 417 U.S. at 343, Dorsainvil, 119 F.3d at 251; Vial, 115 F.3d at 1194.

7

2.  **AEDPA's Effect on Federal Post-Conviction Relief**.

In 1996, Congress amended §2255 through AEDPA. One significant change is that prisoners must file their §2255 motions within one year of their conviction or three other narrowly tailored situations, whichever is latest. Another change is that AEDPA codified and extended judicially constructed limits on second and successive applications for collateral relief under §2255. A second or successive §2255 motion can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. §2255; Vial, 115 F.3d at 1194-95.[2]

The Third Circuit addressed the extremely limited availability of a §2241 motion to challenge a federal conviction in In re Dorsainvil, 119 F.3d 245 (3rd Cir. 1997). There, the defendant wished to challenge his conviction under 18 U.S.C.

---

[2] A court of appeals may authorize the filing of a second or successive §2255 motion only if the prisoner's application contains a claim based upon:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255. See also 28 U.S.C. §2244(b)(3).

8

§924(c), after the Supreme Court in <u>Bailey v. United States</u>, 516 U.S. 137 (1995), limited the circumstances under which a person could be convicted of that offense. The Third Circuit held that the petitioner could not raise this issue in a successive §2255 petition given the statutory limitations on successive §2255 petitions. However, that left Dorsainvil in a position where he may well have been convicted for conduct that was not criminal, with him having no §2255 remedy. The Court, while acknowledging that §2241 "is now reserved for rare cases," 119 F.3d at 250, held that the remedy of §2241 consideration applied in Dorsainvil's unique situation. In so holding, the Circuit relied on <u>Davis v. United States</u>, 417 U.S. 333 (1974), in which the Court held that habeas relief is available to a person where **a subsequent statutory interpretation revealed his <u>conduct not to be criminal</u>** in order to avoid a complete miscarriage of justice. 119 F.3d at 251.

<u>Dorsainvil</u> continued:

> *We do not suggest that §2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke §2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255. Such a holding would effectively eviscerate Congress's intent in amending §2255.* However, allowing someone in Dorsainvil's <u>unusual</u> position -- that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively -- is hardly likely to undermine the gatekeeping provisions of §2255.

<u>Id</u>. at 251 (emphasis added).

Thus, the "inadequate and ineffective" exception of §2255, known as the "safety-valve" clause or "savings" clause of §2255, *must* be construed *strictly*. Dorsainvil, 119 F.3d at 251 (collecting cases). Section 2255 "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision ... or because an individual is procedurally barred from filing a §2255 motion...." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(en banc)(citations omitted); Dorsainvil, 119 F.3d at 251; Bradshaw, 86 F.3d at 166 (§2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. §2255"); Lequillou, 212 F.2d at 684; United States v. Walker, 980 F.Supp. 144 (E.D. Pa. 1997). See also Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000)("A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions."); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)(simply because a prisoner cannot meet AEDPA's "second or successive" requirements does not make §2255 "inadequate or ineffective;" to permit such a result "would make Congress' AEDPA amendment of §2255 a meaningless gesture"); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)(the argument that the "inadequate or

10

ineffective" language of §2255 permits a prisoner to turn to §2241 when prevented from obtaining relief under §2255 "can't be right; it would nullify the limitations"); Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997)(if a prisoner could bring a §2241 action simply when unable to bring a §2255 petition, "then Congress would have accomplished nothing at all in its attempts -- through statutes like AEDPA -- to place limits on federal collateral review").

Presumably Leseane thinks he can ask this court to review his challenge to his conviction because he cannot meet one of the gatekeeping requirements of §2255. As just discussed above, however, the Third Circuit and other Courts of Appeals have held that merely because a criminal defendant/prisoner cannot meet the gatekeeping requirements of §2255 does not permit the prisoner to file a §2241 petition --with such a result eviscerating Congress' recent amendment to §2255. Thus, Leseane cannot maintain this §2241 habeas petition to collaterally challenge his federal conviction.

The government notes that in United States v. Brooks, 230 F.3d 643 (3rd Cir. 2000), the Court of Appeals confirmed that §2241 may not be used to escape the procedural limitations imposed by the AEDPA. Reviewing the limited number of cases in which a §2241 petition had been allowed, the Court stated: "Indeed, a common theme is evident in the circuit court opinions addressing

11

the availability of §2241: in those cases in which recourse to § 2241 is granted, the petitioner would have no other means of having his or her claim heard." Id. at 648. In Dorsainvil, for example, by the time it was decided that the *defendant's conduct was **not criminal** at all*, Dorsainvil had no recourse to §2255 to redress the situation. In contrast, where a defendant could have availed himself of §2255 to address his grievance but is barred due to AEDPA's procedural rules, recourse to §2241 is impermissible. Accordingly, Brooks held that the petitioner could not challenge his conviction in the Court of Appeals under §2241 simply because AEDPA barred an appeal of the district court's decision as to his §2255 petition.

In light of the above, Leseane cannot bring his claims challenging his conviction or sentence in a §2241 habeas petition; rather, he must do so under 28 U.S.C. §2255. Whether Leseane's claims may be foreclosed because of the procedural restrictions that Leseane has thus far failed to satisfy and may not be able to satisfy, does not alter the fact a writ of habeas corpus under §2241 is not available in this case. Accordingly, the habeas petition should be dismissed.[3]

---

[3] Should the Court believe that any issues asserted by Leseane are properly raised in a §2241 petition, respondent requests that additional time be granted to respond so that the United States Attorney's Office for the District of Maryland, which prosecuted Leseane, can prepare a response to the merits of any such claims. Additionally, that office would also to be able to address whether Leseane procedurally defaulted his Apprendi claim by not raising it

## Conclusion

For the above-stated reasons, Leseane's petition for a writ of habeas corpus should be denied.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*Kate Mershimer*

KATE L. MERSHIMER
Assistant U.S. Attorney
ANITA LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA   17108-1754
717/221-4482

Date:   March 19, 2001

---

on direct appeal, see, e.g., Withrow v. Williams, 507 U.S. 680, 720-721 (1993)(Scalia, J., concurring), such as to foreclose a §2255 motion or habeas petition; whether Apprendi applies retroactively on collateral review; and whether, if there was error, whether there was no plain error given the weight of the evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE ROSCOE LESEANE,<br>    Petitioner | : No. 1:CV-00-1688 |
| v. | : (Judge Kane) |
| UNITED STATES OF AMERICA ex rel.<br>JONATHON C. MINER, Warden,<br>Allenwood Federal Prison Camp,<br>Montgomery, Pennsylvania,<br>    Respondent | : |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 19th day of March, 2001, she served a copy of the attached

**GOVERNMENT'S RESPONSE TO**
**THE PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Eugene Roscoe Leseane,
Reg. No. 29958-037
P.O. Box 1000
FPC Allenwood
Montgomery, PA  17752

*[signature]*
ANITA LIGHTNER
Paralegal Specialist