**JUDGE'S COPY**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE ROSCOE LESEANE,

        Petitioner,

   -vs.                      No. 1:CV-00-1688

                            (Judge Kane)

UNITED STATES OF AMERICA ex rel.
Jonathan C. Miner, Warden,
Allenwood Federal Prison Camp,
Montgomery, Pennsylvania.

        Respondent.
-------------------------------x

FILED
HARRISBURG

APR 0 5 2001

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

**MOTION FOR LEAVE TO FILE REPLY TO THE
GOVERNMENT'S RESPONSE TO PETITIONER'S
PETITION FOR WRIT OF HABEAS CORPUS**

NOW COMES the Petitioner, EUGENE ROSCOE LESEANE and hereby moves this Honorable Court for leave to file a reply to the Government's response to his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Government's filing sets forth issues which warrant a response in order to present the court with a complete understanding of the law applicable in this case. See Jones v. United States, 526 U.S. 227 (1999); Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), United States v. Spinner, 180 F. 3d 514 (3rd Cir. 1999).

Petitioner has filed herewith the memorandum of law replying to the Government's responsive pleading.

Respectfully submitted,

*Eug R Lese*
Eugene Roscoe Leseane
# 29958-037
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752

Dated: April 1, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE ROSCOE LESEANE,  )
       Petitioner, )
)
-vs.- )
) No. 1:CV-00-1688
)
UNITED STATES OF AMERICA ex rel. ) (Judge Kane)
Jonathan C. Miner, Warden, )
Allenwood Federal Prison Camp, )
Montgomery, Pennsylvania. )
       Respondent. )

### MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION IN REPLY TO GOVERNMENT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

I.          Preliminary Statement

As to matters not discussed herein, petitioner rely's on his opening brief.

II.         ARGUMENTS

> "The writ of habeas corpus commands general recognition as the essential remedy to safeguard a citizen against imprisonment by State or Nation in violation of his Constitutional rights. To make this protection effective for unlettered prisoners without friends or funds, federal courts have long disregarded legalistic requirements in examining applications for the writ and judged the papers by the simple statutory test of whether facts are alleged that entitle the applicant to relief."

United States v. Morgan, 364 U.S. 502 n.3 (1954)

A.   PLEA AGREEMENT DOES NOT FORECLOSE PETITIONER'S CHALLENGE TO UNCONSTITUTIONALITY OF SENTENCE

A plea agreement constitutes an admission of all material facts well pleaded in the indictment. Semet v. United States, 422 F. 2d 1269, 1272 (10th Cir. 1970); Crow v. United States, 397 F. 2d 284, 285 (10th Cir. 1968), and is itself a conviction on the charges stated therein. See Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711 (1969); a guilty plea is not, however, an admission of essential elements not stated in the indictment.  See United States v. Edrington, 726 F. 2d 1029, 1031 (5th Cir. 1984)(guilty plea does not waive jurisdictional defects such as failure of indictment to allege all essential elements of offense); United States v. Spinner, 180 F. 3d 514, 515-16 (3rd Cir. 1999)(guilty plea did not bar claim that indictment was jurisdictionally defective). See also United States v. Caperell, 938 F. 2d 975 (9th Cir. 1991), holding that "[a]lthough a guilty plea generally waives all claims of Constitutional violations occurring before the plea, 'jurisdictional claims are an exception to this rule." Id. at 977 (quoting United States v. Montilla, 870 F. 2d 549, 552 (9th Cir. 1989), amended at 907 F. 2d 115 (9th Cir. 1990)("claims that 'the applicable statute is unconstitutional or that the indictment fails to state an offense' are jurisdictional claims not waived by the guilty plea."));

2

See also <u>O'Leary v. United States</u>, 856 F. 2d 1142 (8th Cir. 1988), holding that in order to establish a jurisdictional defect, a defendant must show that the "indictment on its face fails to state an offense."

Here, the indictment is a rather barren document, simply stating that petitioner did "...Knowingly, intentionally and unlawfully distribute and possess with intent to distribute quantities of mixtures or substances containing detectable amounts of cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1); 21 U.S.C. § 846." Section 841 (a)(1) makes it unlawful to possess a controlled substance with intent to distribute it. Here, the indictment was silent as to any quantity of controlled substances, whatsoever.[1] A defendant has a Fifth Amendment right to be tried for a felony only upon a finding of probable cause by the grand jury. <u>United Staes v. Cabrera-Teran</u>, 168 F. 3d 141, 143 (5th Cir. 1999).

In this matter, the indictment failed factually to charge petitioner with a felony offense under 21 U.S.C. § 841 (a)(1). Accordingly, pursuant to Federal Rules

---

1. Petitioner did not stipulate in his plea agreement to a quantity of drugs.

Criminal Procedure 12 (b)(2), a defendant's objections, as here, that the indictment fails to charge an offense "shall be noticed by the court at any time during the pendency of the proceedings." See <u>United States v. Bullock</u>, 914 F. 2d 1413, 1414 (10th Cir. 1990)( the failure of an indictment to state an offense is a fatal defect that may be raised at any time").[2] Moreover, petitioner was entitled to and did plead guilty only to the charges on which he had been formally indicted. See <u>United States v. Smith</u>, 553 F. 2d 1239, 1242 (10th Cir. 1997)("absence of prejudice to the defendant does not cure what is necessarily a substantive jurisdictional defect in the indictment"). Accordingly, petitioner entered a plea of guilty to an indictment which was silent as to an essential element of the offense under § 841 (a)(1) [drug quantity]. The United States Supreme Court in <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), held that the mere labeling of "sentencing enhancements" is in no way the basis for treatment that differs from what is required by the Constitution, and as such, in the case of a plea agreement, any enhancement factor [drug quantity] must be a specific part of that

---

2.  Rule 12 (b)(2)'s non-waiver language should be read to include challenges that an indictment fails to charge the offense of conviction, rather than narrowly read as including only challenges that an indictment fails to state any federal offense. Here, arguably, the indictment charged a federal offense of some type, albeit a misdeameanor.

agreement.

Here, petitioner is serving an illegal sentence, contrary to §841 (a)(1); petitioner urges this court to grant the writ of habeas corpus and release him from his illegal custody.

B.   APPRENDI DOES APPLY.

Pre-Apprendi, drug quantity was not considered an essential element of a federal narcotics charge. After Apprendi, drug quantity is without a doubt an essential element of a federal narcotics violation. Moreover, those federal district courts' and courts of appeal who have considered the issue have concluded that drug quantity is an essential element of a narcotics violation under § 841 (a)(1) and one that must be alleged in an indictment, presented to a jury and proven beyond a reasonable doubt. See United States v. Sheppard, 219 F. 3d 766 (8th Cir. 2000); United States v. Mack, 229 F. 3d 226 (3rd Cir. 2000); United States v. Meshack, 225 F. 3d 556 (5th Cir. 2000). Accordingly, if a statute does not appear in the indictment at all (e.g., 841 (b)(1), et. seq.), then the enforcement of the indictment is at issue. The enacted statute is not incorporated in the indictment and, therefore, there can

---

However, it does not charge the offense of conviction, and as such, the non-waiver language of 12 (b)(2) apply's.

5

be no jurisdiction to act against a defendant.

The intent of Congress in the application of 21 U.S.C § 841 (a)(1) and (b)(1), et. seq., convictions was to use those statutes individually and collectively to establish both the crime and penalty for which a person is exposed when indicted by the government; omission of § 841 (b)(1), et. seq., statutory language, or drug quantity in the indictment, or a Subpart of (b)(1) to implicate the sentence to be imposed, the government has failed to apply the statute consistent with its intent as legislated by Congress. Section 841 (a) does not establish a penalty or quantity of drugs. Citing § 841 (a) in the indictment is insufficient on [its face] to establish adequate notice or a complete indictment tracking statutory language and penalties. Accordingly, section 841 (b) is a separate statutory provision and subsection establishing quantity of drugs and penalties. Sections 841 (c) and (D) also have penalty differences, and therefore, these sections are also statutory provisions intended by Congress to be a part of the crime committed and evidenced in the language of the indictment.

Moreover, there is no ambiguity in the legislative intent of § 841 (b), (C) or (D) as to the requirement of a certain quantity of drugs to implicate a particular penalty. By the government's omission of these aspects of the statute,

6

the government has failed to comply with the law. In every case that has not provided the proper statutory language in the indictment, and has not given the quantity of drugs necessary to comply with <u>Apprendi</u>, the defendant's are exposed to greater sentences than the legislature intended. Since <u>Apprendi</u> is not a legislative issue, but a courts' interpretation, retroactivity should apply as Congress intended it to benefit all offenders. A statute that would "impair rights a party possessed when he acted, increase a party's liability of past conduct, or impose new duties with respect to transactions already completed" has true retroactive effect.

Accordingly, the principles of Apprendi apply's to this case.

C. PETITIONER CAN CHALLENGE THE ILLEGALITY OF HIS SENTENCE VIA A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241.

The government argues that petitioner is barred from challenging his conviction and sentence in a petition pursuant to 28 U.S.C. § 2241, contending that the proper vehicle for raising such a claim is through a motion pursuant to 28 U.S.C. § 2255.

Here, petitioner's challenge is not to his conviction and sentence, rather the challenge is to those unlawful portions of his sentence currently in effect.

7

In this matter, petitioner's sole issue presented in his petition for writ of habeas corpus, now pending before this court is simply that the United States Constitution prohibits a court from increasing a defendant's sentence beyond the maximum fixed by the sentencing guidelines for the elements of the crime alleged in the indictment to which he pleaded guilty.

Here, petitioner was charged with conspiracy to possess with intent to distribute cocaine and heroin. The indictment was silent as to any quantity of drugs. Petitioner entered into a Plea Agreement, in which petitioner pled guilty to the charges contained in the indictment. There was no stipulation between petitioner and the government as to drug quantity or any other type of controlled substance other than that alleged in the indictment.

Moreover, plea agreements are construed according to standard principles of contract law and in this case, the plea agreement is silent on whether the petitioner would have the right to bring a subsequent collateral attack after sentencing. Petitioner's decision to bring the present petition, thus cannot be termed a breach of any express provision of his contract with the government. The petitioner promised to plead guilty to one count, and he has fulfilled that obligation. United States v. Pruitt, 32 F. 3d 431, 433 (9th Cir. 1994). As such, the government bears the risk that

8

a change in the relevant substantive law would afford the petitioner the right to be released.  See United States v. Barnhardt, 93 F. 3d 706, 708 (10th Cir. 1996).

Here, the issue is not that petitioner pleads guilty and now wishes to challenge the facts that give rise to an enhanced penalty (drug quantity), but with an indictment that does not allege these facts or a plea agreement in which these facts are not stipulated and agreed to.

The government cites as authorities, United States v. Williams, 235 F. 3d 858 (3rd Cir. 2000); United States v. Cepero, 224 F. 3d 256 (3rd Cir. 2000).  Both cases are inapposite to petitioner's case.  In Williams, the defendant stipulated to the quantity of drugs and similarly in Cepero, a quantity of drugs was alleged in the indictment.  Here, there was no allegation of quantity or stipulation to an amount.

Here, the Presentence Investigation Report ("PSI") provides at ¶ 1, that petitioner plead guilty to Count One to conspiracy to distribute cocaine and heroin in violation of § 846.  The ("PSI") makes a general statement that at a residence alleged to be that of petitioner, a quantity of "cocaine base", inter alia was discovered (no quantity). ("PSI" at ¶ 7).  Nevertheless for reasons unknown, credits petitioner with at least 50 grams, but less than 150 grams of cocaine base for sentencing purposes. ("PSI" at ¶ 10).

The sentencing court adopted the findings contained in the ("PSI"). See also Plea Agreement; petitioner agreed to plead guilty to Count One of the indictment ("Your client is charged in Count One with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846...." (Plea Agreement ¶ 1). See ¶ 4 (d), petitioner agreed with the government that the Base Offense Level for sentencing purposes was set at level 32. But, see ¶ 4 (g), petitioner and government agreed that stipulation is non-binding.

Here, petitioner's challenge is not to the Plea Agreement, rather the challenge is directed to the enhanced penalty imposed. In this matter, even if petitioner is sentenced in accordance with the guidelines based upon the quantity of drugs found by the ("PSI"), petitioner's sentence would not have exceeded 37 months, and even if petitioner was sentenced to the maximum allowable sentence under the law in the absence of a quantity of drugs being alleged in the indictment. which is 5 years. Petitioner has been imprisoned in excess of 5 years. Therefore, petitioner's challenge is to the illegal sentence being served and to be served in the future.

Here, the sentence of 10 years, imposed under § 841 (b)(1)(A)(iii), which provides the penalties for 50 or more grams of cocaine base is illegal, because no allegation of quantity appeared in the indictment.

10

In <u>Walker v. Johnston</u>, 312 U.S. 275, 61 S. Ct. 574 (1941), the Supreme Court stated that "there could be situations where on the facts admitted, it may appear that, as a matter of law the prisoner is entitled to the writ and to discharge."

In this matter, petitioner's sentence exceeds the maximum authorized by law and the petitioner has served the maximum authorized sentence, the judgment should be treated as void to the extent that it exceeds the maximum authorized by law and the petitioner should be discharged, as no purpose will be served by transferring the case to the sentencing court.

Accordingly, this Court should accept jurisdiction, issue the writ and release petitioner from his unlawful imprisonment.

Respectfully submitted,

Eugene Roscoe Leseane
# 29958-037
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE ROSCOE LESEANE,           )
                                 )
         Petitioner,             )
                                 )
                                 )
                                 )
  -vs.                           )  No. 1:CV-00-1688
                                 )
                                 )  (Judge Kane)
                                 )
UNITED STATES OF AMERICA ex rel. )
Jonathan C. Miner, Warden,       )
Allenwood Federal Prison Camp,   )
Montgomery, Pennsylvania,        )
                                 )
         Respondent.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury pursuant to 28 U.S.C. § 1746 that a true copy of MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION IN REPLY TO GOVERNMENT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR LEAVE TO FILE REPLY TO GOVERNMENT'S RESPONSE TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS was served this 1st day of April upon the United States Attorney for the Middle District of Pennsylvania by first class mail, postage prepaid.

_____
Eugene Roscoe Leseane