UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE ROSCOE LESEANE,       :
                             :
        Petitioner           :
                             :
    v.                       :    CIVIL NO. 1:CV-00-1688
                             :
JONATHAN C. MINER,           :    (Judge Kane)
                             :
        Respondent           :

**<u>ORDER</u>**

Eugene Roscoe Leseane, a federal inmate currently confined at the Allenwood Federal Prison Camp, Montgomery, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner has paid the required filing fee. Named as Respondent in the habeas petition is Jonathon C. Minor, warden at FPC-Allenwood.

In his habeas petition, Leseane challenges his 1995 federal conviction in the United States District Court for the District of Maryland, where he plead guilty to conspiracy to distribute and possess with intent to distribute quantities of mixtures or substances containing cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. (Doc. No. 1, petition). Petitioner was sentenced on August 14, 1995, to 120 months imprisonment. <u>Id</u>.

Leseane never challenged any aspect of the indictment or his sentence either by direct appeal or in any other post-conviction proceeding. Petitioner never filed a § 2255 motion with the sentencing court.

Petitioner now turns to this Court seeking relief pursuant to § 2241. Leseane relies upon <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), to challenge his conviction. First, Petitioner contends the indictment is deficient because it failed to contain the essential element of the drug quantity. Second, Leseane avers that his sentence was improperly enhanced for distributing crack cocaine. A reply and traverse having been filed, this matter is ripe for decision.

Discussion

A federal criminal defendant's conviction/sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., <u>United States v. Addonizio</u>, 442 U.S. 178, 179 (1979). In the instant case, Leseane is clearly maintaining that both his federal conviction and sentence violated his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or

2

procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In

3

Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It has also been held that the fact that a petitioner's §2255 motion may be barred by the one year statute of limitations applicable to such actions does not render that remedy inadequate or ineffective. See United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999); Higgs v. Hobbs, No. CA 99-1113- RV-C, 2000 WL 284277, at *3 (S.D. Ala. Feb. 29, 2000); Ambrosio v. United States, No. 99CIV. 9626(DC), 94 CIV. 674(DC), 2000 WL 109009, at * 2 (S.D.N.Y. Jan. 28, 2000).

Petitioner fails to provide an explanation as to why he did not seek a §2255 motion with the sentencing court. It is the Petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Leseane has not met this burden.

4

Additionally, Leseane does not claim he is actually innocent of the crime to which he pled guilty, and thus cannot meet the narrow Dorsainvil exception entitling him to § 2241 relief as he has not demonstrated an intervening change in the law which would affect the probability of his innocence.[1]  Thus, for these reasons Leseane's § 2241 petition should be denied.

Assuming arguendo that this Court had jurisdiction to entertain the merits of Leseane's § 2241 petition, he still would not be entitled to relief.  Initially, that fact that Apprendi had not been decided when he pled guilty and was sentenced in 1995 is irrelevant because Leseane was not prevented from raising an Apprendi-like claim on direct appeal or in a timely § 2255 motion had he filed one.  See United States v. Sanders, 247 F.3d 139, 144-46 (4th Cir. 2001) (failure to raise Apprendi-like claim on direct review from criminal conviction constituted procedural default for which the defendant could not establish "cause" to justify raising it via habeas review); United States v. Smith, 241 F.3d 546 (7th Cir. 2001) (rejecting petitioner's futility argument that the federal circuits would have rejected his Apprendi-like arguments had he raised it on direct appeal).

---

1.  In Dorsainvil, the court held that a federal prisoner barred from using a § 2255 motion under the AEDPA standards for successive motions could resort to a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate . . . ." 119 F.3d at 251. The court stressed that the holding was a "narrow one" based on the unusual circumstances presented there. Id. at 251-52.

5

Second, Apprendi does not apply retroactively and thus, his petition is subject to dismissal as an inappropriate attempt to circumvent the AEDPA gatekeeping requirements.[2] See In re Turner, 267 F.3d 225 (3d Cir. 2001); Forbes v. United States, No. 00-3588, 2001 WL 930174 (2nd Cir. N.Y, August 16, 2001) ( Supreme Court has not held Apprendi rule retroactive).

Finally, in Apprendi the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. The Third Circuit recently held that there is no Apprendi issue where a defendant's sentence on any count as calculated under the guidelines is equal to or less than the lowest maximum sentence authorized by the relevant statute; Apprendi has no application to the ordinary calculation of the sentencing guidelines. United States v. Williams, 235 F.3d 858, 862- 62 (3d Cir. 2000). See also United States v. Cepero, 224 F.3d 256, 267 n.5 (3d Cir. 2000) (en banc) (" Because application of the Sentencing Guidelines in this case does not implicate a fact that would increase the penalty of a crime beyond the statutory maximum, the teachings of Apprendi . . . are not relevant here ."). Thus, even if this Court entertained Leseane's argument and applied

---

2. For example, the one year limitation period for filing a § 2255 motion may be extended when the Supreme Court recognizes a new right and makes that right retroactively applicable to cases on collateral review. 28 U.S.C. § 2255 ¶ 6.

Apprendi to his situation, the result would be of no benefit to him. Leseane received a sentence of 120 months imprisonment, well below the statutory maximum of 240 months. See 21 U.S.C. § 841(b). Because Leseane did not receive a sentence for his conviction above the statutory maximum, he has no Apprendi claim in light of Williams, supra.[3]

Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be denied. An appropriate Order follows.

**NOW, THEREFORE, THIS** 30th **DAY OF** July **2002,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus is dismissed, without prejudice to any right Leseane may have to file a §2255 motion with the District Court for the District of Maryland.

2. The Clerk of Court is directed to close this case.

                                    _____
                                    YVETTE KANE
                                    United States District Judge

YK:dlb

---

[3]. Leseane's petition will be denied without prejudice so that he is not foreclosed from pursuing relief in the future in the event that the Supreme Court issues a ruling that is arguably of benefit to him and that ruling is made retroactive to cases on collateral review and so he can pursue any remedies available to him with the sentencing court. See Turner, supra, 2001 WL 1110349, *5.